UNITED STATES of America

v.

The PENINSULAR AND OCCIDENTAL STEAMSHIP COMPANY, Mac Gregor Shipping Company, Inc., Lester J. Bowman, John H. Faunce, Inc. and Vincent Wortman, Defendants.

United States District Court
S. D. New York.

July 7, 1962.

Robert M. Morgenthau, U. S. Atty. for the Southern District of New York, for U. S. Richard A. Givens, New York City, of counsel.

Gerald H. Ullman, New York City, for John Faunce, Inc. and Vincent Wortman.

PALMIERI, District Judge.

This is a motion by defendants John H. Faunce, Inc. and Vincent Wortman to dismiss the second count of a two-count information filed on April 17, 1962, on the ground that the act alleged to have been committed by them did not constitute an offense.

The Second Count charges that:

"On or about the 27th day of October, 1960, in the Southern District of New York, JOHN H.

FAUNCE, INC. and VINCENT WORTMAN, an officer, agent and employee thereof, defendants, unlawfully, wilfully and knowingly did obtain and attempt to obtain transportation by water in foreign commerce for property at less than the rates and charges which would otherwise be applicable by an unjust and unfair device and means, to wit, the payment of a rebate of a portion of certain shipping charges by THE PENINSULAR AND OCCIDENTAL STEAMSHIP COMPANY, a common carrier by water engaged in foreign commerce, and its agent, MAC GREGOR SHIPPING COMPANY, INC. to JOHN H. FAUNCE, INC."

Section 16 of the Shipping Act of 1916, 46 U.S.C.A. § 815, pursuant to which this count is framed, provides:

"It shall be unlawful for any shipper, consignor, consignee, forwarder, broker, or other person, or any officer, agent, or employee thereof, knowingly and willfully, directly or indirectly, by means of false billing, false classification, false weighing, false report of weight, or by any other unjust or unfair device or means to obtain or attempt to obtain transportation by water for property at less than the rates or charges which would otherwise be applicable."

◼ The defendants' position is that a rebate is not "any other unjust or unfair device or means" within the purview of the statute. The Government contends that a rebate is encompassed by that language.

In Prince Line v. American Paper Exports, 55 F.2d 1053 (2d Cir.1932), Judge Learned Hand, applying section 16 of the Shipping Act, stated,

"The law did not forbid all concessions to a shipper; apparently it assumed that if these were above board, and known or ascertainable by competitors, the resulting jealousies and pressure upon the car-

rier would be corrective enough. But it did forbid the carrier to grant such favors, when accompanied by any concealment, * * *." (p. 1055)

See also, Ambler v. Bloedel Donovan Lumber Mills, 68 F.2d 268, 271 (9th Cir. 1933). Thus it appears that the conduct made criminal by this section is not a disequality of treatment, but a disequality of treatment accompanied by an act of concealment. Applying that principle to the instant case, whether the alleged rebate constituted an offense depends on whether the parties concealed or attempted to conceal it. Since that will appear after the facts have been developed at the trial, the present motion is premature.

The motion is denied, without prejudice to its renewal at the trial.

So ordered.

On Motion for Reargument

The motion for reargument is granted. Upon reconsideration the views previously expressed are adhered to.

The Court's opinion of June 11, 1962, quoting the first paragraph of section 16, 46 U.S.C.A. § 815, makes it quite clear that the Court did not erroneously apply the second paragraph of section 16.

The basis of defendants' motion to dismiss the information was that a rebate is not "any other unjust or unfair device" within the meaning of the statutory provision because a rebate is not analogous to "false billing, false classification, false weighing [or] false report of weight," which are specifically enumerated as prohibited devices. I cited and quoted from the opinion in Prince Line v. American Paper Exports, 55 F.2d 1053 (2d Cir.1932), because Judge Learned Hand was there construing identical language, contained in the second paragraph of section 16.

◼ Defendant has also cited legislative history indicating that Congress was concerned with affording protection to the innocent carrier who is deceived

by a shipper through the use of devices prohibited by the section. H.R.Rep.No. 2205, 74th Cong., 2d Sess. 1 (1936). It does not follow, however, that when the shipper and carrier combine to deceive other shippers and carriers through the use of such devices, the shipper is relieved of liability.[1] Moreover, the defendants' position that only the carrier is guilty under these circumstances is clearly untenable because one who aids and abets another in the commission of a crime is guilty even in the absence of a separate provision prohibiting his conduct. 18 U.S.C. § 2.

Counsel also seeks to draw certain implications from my use of the term "disequality of treatment." Perhaps more apt language should have been used to avoid the possible implication that a comparison between the treatment accorded to shippers was intended; the term was intended to refer to a disequality between the rates at which defendants obtained or attempted to obtain transportation and the rates that "would otherwise be applicable."

The motion to dismiss the indictment is denied.

So ordered.

---

1. The House Report stated that under the then existing legislation carriers were accorded no protection against dishonest shippers deliberately misclassifying for the purpose of obtaining transportation at lower rates and that it was the purpose of the Amendment to remedy that omission. It also stated that the Amendment strengthened the 1916 Act by "providing that such a practice shall neither be engaged in by a common carrier by water *nor by any shipper* * * * thereby effectively removing the means left open to dishonest shippers or consignees whereby they may take advantage *not only of their competitors* * * * but also of the carrier itself * * *. (emphasis added) H.R.Rep. No. 2205, 74th Cong., 2d Sess. 2 (1936).